UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH JOHN GERMANO

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY

                The Commissioner.

**MEMORANDUM AND ORDER**

23-CV-163 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

Joseph Germano ("Plaintiff") appeals the denial of his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act (the "Act") by the Social Security Administration Commissioner (the "Commissioner"). The parties cross-move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND[1]

Plaintiff applied for supplemental security income on November 22, 2019, alleging disability due to multiple myeloma, epilepsy, right temporal lobe cyst, and cataracts. (Admin. Tr. ("Tr.") 84, 209, 237, ECF No. 15.) Plaintiff's claim was denied initially on November 19, 2020, and upon reconsideration on June 4, 2021. (Tr. 11.) On January 6, 2022, a hearing was held before Administrative Law Judge ("ALJ") Thurman Anderson. (*Id.*) On February 14, 2022, the ALJ determined that Plaintiff was not disabled. (*Id.* at 8.) On November 16, 2022, the

---

[1] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant motions.

1

Appeals Council declined to review, and Plaintiff appealed to this Court on January 10, 2023. (*See generally,* Compl., ECF No. 1.)

## STANDARD OF REVIEW

Under the Social Security Act, a disability Plaintiff may seek judicial review of the Commissioner's decision to deny his application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . .") Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex rel. Tr. J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d

115, 118 (2d Cir. 1998)). If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)). Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)).

## DISCUSSION

At issue here is the ALJ's calculation of Plaintiff's residual functional capacity ("RFC"), which describes a claimant's ability to do physical and mental work activities despite limitations from his impairments. *See* 20 C.F.R. § 416.920(e) and 416.945. The ALJ determined that Plaintiff has the RFC to perform a reduced range of medium work, including that Plaintiff could lift/carry twenty-five pounds frequently, fifty pounds occasionally, sit for six hours, and stand and/or walk for six hours, in an eight-hour workday. (Tr. 14.) The ALJ also determined that Plaintiff could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds, and must avoid concentrated exposure to hazards, including working in high exposed places and proximity to moving vehicles and mechanical parts. (*Id.*)

Plaintiff argues that in calculating his RFC, the ALJ failed to account for the total limiting effects of Plaintiff's impairments, specifically the effect of non-exertional limitations. (Pl.'s Mem. 2–3.) Plaintiff directs the Court to the medical opinions of two treating physicians, Dr. Devine and Dr. Wei, both of whom determined that Plaintiff is only able to perform light or sedentary work. (Pl.'s Mem. at 7.) Plaintiff argues that the ALJ did not provide a complete

3

analysis of Dr. Devine's determinations, and failed to consider Dr. Wei's opinion, constituting reversible error.

However, the ALJ detailed that Dr. Devine's treatment notes indicate Plaintiff's physical exams and neurological status were largely normal. (Tr. 17.) The ALJ considered evidence that, notwithstanding Plaintiff's difficulty with his left hand, Plaintiff remained able to perform daily living and self-care. (*Id.*) In light of this evidence, the ALJ determined that Dr. Devine's restrictions were overly restrictive and not supported by the other objective findings and examinations found in the record. (Tr. 17.) As the Commissioner contends, Dr. Wei's and Dr. Devine reached identical determinations as to Plaintiff's ability to carry out light or sedentary work, and therefore, the ALJ was not required to consider Dr. Wei's findings because they would not have changed the ALJ's analysis. (Def.'s Mem. at 22–23.) *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (holding that, even where the ALJ overlooked an actual medical opinion entirely, remand was not required where there was "no reasonable likelihood that her consideration of [that evidence] would have changed the ALJ's determination that Petitioner was not disabled . . . .") The ALJ is not required to provide any special consideration to Plaintiff's treating physicians and need only consider the totality of evidence. *See Berrechid v. Comm'r of Soc. Sec.*, No. 20-CV-5342 (BMC), 2021 WL 5013657, at *46 (E.D.N.Y. Oct. 28, 2021)( "the ALJ only needs to consider the totality of the evidence, and need not give particular deference to a treating doctor's medical opinion."). The ALJ has met this requirement.

Moreover, the ALJ found as persuasive evidence from two state agency medical consultants, who determined that Plaintiff was not precluded from performing some medium work. (Def.'s Mem. at 15.) Accordingly, the "ALJ was entitled to weigh the conflicting evidence in the record . . ." *Valdes-Ocasio v. Kijakazi*, No. 21-3152, 2023 WL 3573761, at *2

4

(2d Cir. May 22, 2023).  And, although, Plaintiff urges the Court to consider a prior RFC determination that Plaintiff could not perform his past jobs; (Pl.'s Mem. at 8), prior RFC determination are not binding on the Commission.  *See Hairston-Scott v. Comm'r of Soc. Sec.*, No. 20-758, 2021 WL 3777581, at *2 (2d Cir. Aug. 26, 2021).  The Court finds the ALJ properly weighed the evidence in the record in reaching his determination.

      Plaintiff disputes the ALJ's credibility determination as it relates to the ALJ's assessment of Plaintiff's self-described limitations.  (Pl.'s Mem. at 4.)  However, as the Commissioner points out, the ALJ detailed extensively Plaintiff's testimony regarding his disability, and compared Plaintiff's allegations to the overall record evidence, opinion evidence, and objective findings.  (Defs.' Mem. at 17; *see also* Tr. 15.)   The Court finds that the ALJ did not provide a cursory summary, as Plaintiff suggests, but instead exercised his discretion in weighing the credibility of Plaintiff's testimony in light of other evidence in the record.  No more is required.  *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("[T]he ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record.")  Because the Court finds that the ALJ demonstrated a logical bridge between the evidence and his findings, the Court also finds that the vocational expert's testimony is substantial evidence to support the ALJ's determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED.  Plaintiff's motion for judgment on the pleadings is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      March 29, 2024  L<small>A</small>SHANN D<small>E</small>ARCY HALL
      United States District Judge